FILED
SUPERIOR COURT
OF GUAM

2014 OCT 21 PM 4: 20

CLERK OF COURT
BY:

**IN THE SUPERIOR COURT OF GUAM**

DELFINO GARCIA,

                      Plaintiff,

                    vs.

RAYMOND SANTOS and
AMERICAN MEDICAL CENTER, LLP,

                    Defendant(s).

**CIVIL CASE NO. CV0715-13**

**DECISION AND ORDER**
**(Defendant's Motion for**
**Summary Judgment)**

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 8, 2014, on the American Medical Center, LLP's ("Defendant") Motion for Summary Judgment. Defendant was represented by Attorney Randall Thompson. Plaintiff Delfino Garcia ("Plaintiff") was represented by Attorney William Pole. Following the hearing, the Court took the matter under advisement. Upon review of the written and oral arguments and legal authorities presented by both parties, the Court hereby issues this Decision and Order **GRANTING IN PART and DENYING IN PART** Defendant's motion.

## BACKGROUND

On January 22, 2013, Plaintiff's employer sent Plaintiff to Defendant's facility to obtain a medical evaluation. After examination, Defendant created a referral form for Plaintiff stating that Plaintiff had a, "R eye deficit…" and "[p]lease evaluate for treatment." Defendant then released the referral form to co-defendant Raymond Santos.

On June 4, 2013, Plaintiff filed a verified complaint for breaches of (1) contract; (2) implied contract; (3) confidential relationship; (4) tortious and oppressive violation of rights, against Defendants American Medical Center, LLP and Raymond Santos. Defendant Raymond Santos filed his answer to Plaintiff's complaint on June 24, 2013, refuting Plaintiff's claims that he subsequently, wrongfully, willfully, and intentionally communicated the contents of Plaintiff's referral form to third parties.[1] In addition, Defendant American Medical Clinic, LLP filed its answer to Plaintiff's complaint on June 24, 2013, refuting Plaintiff's claims that it released Plaintiff's confidential, privileged and protected personal medical information to Co-Defendant Raymond Santos. On September 27, 2013, Plaintiff filed an amended verified complaint, correcting the name of co-defendant Raymond Santos.

On April 8, 2014, Defendant filed a Memorandum of Points and Authorities in support of its Motion for Summary Judgment. For the purposes of this motion, Defendant does not dispute that it wrongfully released Plaintiff's confidential, privileged and protected personal medical information to Co-Defendant Raymond Santos. Defendant admits the negligent wrongful release but asserts that Plaintiff's complaint does not assert any alleged intentional or defamation torts. On April 25, 2014, Plaintiff filed his Opposition to Defendant's Motion for Summary Judgment. Plaintiff asserts that Defendant's release of personal medical information is actionable under HIPAA, by Federal Statute, and common law. On May 2, 2014, Defendant filed its Reply Brief in support of its Motion for Summary Judgment. Defendant reasserts that there are no actionable claims against them.

The Court heard oral arguments on July 8, 2014 and took the matter under advisement.

## DISCUSSION

### I. Summary Judgment Standard

Pursuant to Rule 56(c) of the Guam Rules of Civil Procedure ("GRCP"), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

---

[1] Defendant Raymond Santos is represented by Vincent Leon Guerrero, Esq. Defendant Raymond Santos did not join with Defendant American Medical Clinic, LLP's Motion for Summary Judgment. Therefore, this Decision and Order applies only to claims against Defendant American Medical Clinic, LLP.

material fact and that the moving party is entitled to a judgment as a matter of law." GRCP 56(c). A genuine issue exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l Inc.*, 1997 Guam 10 ¶ 7 (citing *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987)).

The factual dispute must concern a material fact. *Id.* "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . [d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the [pleadings], but must produce at least some significant probative evidence tending to support the [pleadings]." *Id.* ¶ 8 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 106 S.Ct. 2505, (1986)). "In addition, the court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Financial Corp.*, 2007 Guam 27 ¶ 7. "The court's ultimate inquiry is to determine whether a 'specific fact' set forth by the nonmoving party, coupled with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Iizuka*, 1997 Guam 10 ¶ 8 (quoting *T.W. Elec. Serv.*, 809 F.2d at 631). "Stated simply, there is a trial issue if there is sufficient evidence for a jury to return a verdict in the non-moving party's favor." *Kim v. Hong*, 1997 Guam 11 ¶ 8 (citing *Anderson*, 477 U.S. at 250). This standard will guide the Court in its analysis as to whether Plaintiff's confidential information was improperly disclosed.

## II. Statutory Violation

### a. HIPAA

The Federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), purpose is to protect the security and privacy of individually identifiable health information. The regulations are codified in Title 45 of the Code of Federal Regulations and are collectively known as the Privacy Rule, which sets forth standards and procedures for the collection and disclosure of "protected health information." The Privacy Rule establishes patients' rights and

sets rules and limits on who can look at and receive your health information, whether electronic, written, or oral. In addition, the Privacy Rule prohibits "covered entities" (health plans, most health care providers, and health care clearinghouses) from using and disclosing a patient's health information. There are many organizations that have health information that do not have to follow this law. These organizations include life insurers, employers, workers compensation carriers, most schools and school districts, many state agencies like child protective service agencies, most law enforcement agencies, and many other municipal offices.

There is ample case law that state HIPAA does not create a private cause of action. ("We hold there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction over Acara's asserted claims." *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006); "My conclusion is buttressed by the fact that federal courts have consistently refused to find a private right of action under HIPAA, albeit when analyzing different provisions of the statute." *Univ. of Colorado Hosp. v. Denver Pub. Co.*, 340 F. Supp. 2d 1142, 1145 (D. Colo. 2004); "Review of HIPAA's enforcement provisions reveals no congressional intent to create a private right or remedy. In fact, HIPAA appears to specifically limit enforcement actions to be brought only by the respective states or the Secretary of Health and Human Services. The limited enforcement power under HIPAA is further demonstrated in § (a)(2), which provides if the states after requiring compliance with HIPAA fail to enforce provisions of HIPAA, then the Secretary "shall enforce such provisions under subsection (b)." 42 U.S.C. § 300gg–22(a), (b). There are no provisions made in the statute for private enforcement when neither the state, nor the Secretary undertake enforcement action. As stated in *Alexander,* the express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others. *Alexander,* 121 S.Ct. at 1521–22. Thus, the Court finds that Congress did not intend to create an implied private cause of action." *O'Donnell v. Blue Cross Blue Shield of Wyoming*, 173 F. Supp. 2d 1176, 1180 (D. Wyo. 2001)).

Even if HIPAA created a private cause of action, there are three major issues the parties failed to address: (1) jurisdictional issues as to whether this is the appropriate Court for this type

of claim; (2) whether this is the appropriate motion for this claim; and (3) whether Plaintiff exhausted all administrative remedies prior to requesting judicial review.

The Court finds that there are genuine issues of material facts, and the Court is precluded from granting summary judgment for Defendant on that basis.

### b. Privacy Act of 1974

The Privacy Act of 1974 (5 U.S.C.A. § 552a) demonstrates Congressional concern regarding the government's possession of information about individuals and access to such information. 121 A.L.R. Fed. 465 (Originally published in 1994). To maintain a Privacy Act suit for wrongful disclosure of information, or denial of access to or amendment of information maintained by a federal agency, an individual must establish that the information is a "record" as defined by the Act. 5 U.S.C.A. § 552a(a)(4) provides as follows:

### § 552a. Records maintained on individuals
(a)Definitions. For purposes of this section—
(4) the term "record" means any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph;

In this case, the referral form did include Plaintiff's medical information and Plaintiff's name. (Decl. Thompson; Ex. A). The referral form meets the definition of a "record" for the purposes of the Privacy Act.

The issue is whether Defendant meets the criteria of being a federal agency. An agency is defined as:

**(f)** For purposes of this section, the term--
**(1)** "agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency;

5 U.S.C.A. § 552

For the purpose of this subchapter--

**(1)** "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include--

**(A)** the Congress;

**(B)** the courts of the United States;

**(C)** the governments of the territories or possessions of the United States;

**(D)** the government of the District of Columbia;

or except as to the requirements of section 552 of this title--

**(E)** agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them;

**(F)** courts martial and military commissions;

**(G)** military authority exercised in the field in time of war or in occupied territory; or

**(H)** functions conferred by sections 1738, 1739, 1743, and 1744 of title 12; subchapter II of chapter 471 of title 49; or sections 1884, 1891-1902, and former section 1641(b)(2), of title 50, appendix;

5 U.S.C.A. § 551

Based on the evidence, Defendant does not fit into any of the categorical definitions set forth by 5 U.S.C.A. § 552a. Plaintiff argues that Defendant serves as part of the government in providing "annual medical exams, reports and other medical provider services to government employees in the course and conduct of their employment." (Opp'n at 8). In addition, Plaintiff argues, "Defendant AMC administers tests in support of Worker's Compensation on behalf of Government of Guam agencies." (Opp'n at 8). Plaintiff argues that because Defendant does business with the Government of Guam, Defendant is automatically an agent of the Government. Plaintiff's evidence is unconvincing. Therefore, the Court will grant summary judgment for this claim for Defendant on that basis.

## III.    Constitutional Claim

The Constitution does not expressly protect the right to privacy, but the Supreme Court has recognized "zones of privacy" in the various amendments to the Constitution. *Roe v. Wade*, 410 U.S. 113, 152, 93 S. Ct. 705, 726, 35 L. Ed. 2d 147 (1973) *holding modified by Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833, 112 S. Ct. 2791, 120 L. Ed. 2d 674 (1992). The cases involving privacy involved at least two different kinds of interests. One is the individual interest in avoiding disclosure of personal matters, and another is the interest in

independence in making certain kinds of important decisions. *Whalen v. Roe*, 429 U.S. 589, 598-600, 97 S. Ct. 869, 876, 51 L. Ed. 2d 64 (1977). Defendant based their Constitutional claim argument using a Third Circuit case. This Court is not opposed to using the Third Circuit's approach in analyzing Constitutional right to privacy issues.

The issue in this instant case involves Plaintiff's interest in avoiding disclosure of personal matters. "'The right not to have intimate facts concerning one's life disclosed without one's consent' is 'a venerable right whose constitutional significance we have recognized in the past.'" *C.N.*, 430 F.3d at 179 (quoting *Bartnicki v. Vopper*, 200 F.3d 109, 122 (3d Cir.1999)). Analysis of a privacy claim requires two steps. First the Court must determine whether the information is entitled to any privacy protection. *Id.*

> In determining whether information is entitled to privacy protection, [the Third Circuit has] looked at whether it is within an individual's reasonable expectations of confidentiality. The more intimate or personal the information, the more justified is the expectation that it will not be subject to public scrutiny.

*Fraternal Order of Police v. City of Philadelphia*, 812 F.2d 105, 112–113 (3d Cir.1987). If a privacy interest is implicated, then the Court must weigh the various competing interests at issue and decide whether the disclosure was justified. *C.N.*, 430 F.3d at 179–80.

> The factors which should be considered in deciding whether an intrusion into an individual's privacy is justified are the type of record requested, the information it does or might contain, the potential for harm in any subsequent nonconsensual disclosure, the injury from disclosure to the relationship in which the record was generated, the adequacy of safeguards to prevent unauthorized disclosure, the degree of need for access, and whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access.

*United States v. Westinghouse Electric Corp.*, 638 F.2d 570, 578 (3d Cir.1980); *see C.N.*, 430 F.3d at 180.

In this case, the information released was a referral form that stated Plaintiff's name, the name of the referring and consulting physician, and reasons for consult. (Decl. Thompson; Ex. A). Plaintiff argues that the information on the referral form is entitled to privacy protection. (Complaint ¶¶ 6-7) Based on the Third Circuit's two step determination, the question is

whether the information on the referral form had a reasonable expectation of confidentiality. Congress has recognized the need for privacy regarding an individual's medical and other health information. The clearest example is the passing of HIPAA and the Privacy Rule which shows Congress' desire to keep this information private and protected. In this case, the information given by Defendant to Co-Defendant Raymond Santos contains information used by doctors, nurses, and other health care providers for diagnosis and would eventually be put into an individual's medical record. Therefore, the Court finds that there is a reasonable expectation of confidentiality.

The next step is whether an intrusion into an individual's privacy is justified. In this case, Defendant admitted that at the most, it negligently disseminated Plaintiff's confidential information. In weighing this factor, Defendant admits that the intrusion into Plaintiff's privacy was not justified.

Next, the Court will address whether intent is required to trigger a constitutional violation. The Defendant relies on *Weisberg v. Riverside Twp.,* 180 Fed.Appx. 357 (3d Cir.2006), in support of their argument that intent to disclose is required to trigger the protections of the Due Process Clause. In *Weisberg,* the Third Circuit held that an inadvertent disclosure of a person's medical information did not violate the constitutional right to informational privacy. 180 Fed.Appx. at 365. In that case, the plaintiff claimed that his constitutional right to informational privacy was violated when a school administrator accidentally put plaintiff's medical report into an envelope with another teacher's contract. The Third Circuit held that this negligent disclosure was insufficient to trigger the protections of the Due Process Clause. The Third Circuit relied on *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), which held that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Id.* at 365 (citing *Daniels,* 474 U.S. at 328, 106 S.Ct. 662). The *Weisberg* court confined their holding to negligent or accidental disclosures. *Warner v. Twp. Of S. Harrison,* 885 F. Supp. 2d 725, 739 (D.N.J. 2012).

In this case, Plaintiff has not presented any evidence of intent by Defendant. Again, Defendant admitted that at the most, it negligently disseminated Plaintiff's confidential information. Plaintiff argues his constitutional claims are more akin to strict liability. The Court finds that this is not the case. Under *Weisberg*, the Third Circuit recognizes that intent is required for a Due Process Clause claim. Based on the evidence, even in the light most favorable to the Plaintiff, Defendant at the most negligently disseminated Plaintiff's confidential information.

Plaintiff does pass the Third Circuit two-step test for a constitutional right to privacy, but his claim fails because he cannot show the required element of intent. Therefore, the Court will grant summary judgment for this claim for Defendant on that basis.

## IV.    Common Law Tort Claims

There are four different forms of invasion of privacy recognized by the courts under the common law: 1) appropriation; 2) unreasonable intrusion; 3) public disclosure of private facts; and 4) false light in the public eye. W. Prosser, The Law of Torts, sec. 117 (5th ed. 1984). Plaintiff has pled three common law invasions of privacy tort claims except for appropriation. (Compl. ¶ 10). In Guam's jurisdiction, the courts have not recognized any of the three privacy tort actions claimed by Plaintiff. At this time the Court does not feel it should delve into law that is in the province of the Legislature. Therefore, the Court will deny summary judgment for Defendant because there is no trial issue of "material fact" to be decided.

In review of the Complaint and written instruments attached therein as exhibits for purposes of a 56(c) motion for summary judgment, the Court is satisfied at this time. Therefore, Defendant's Motion for Summary Judgment is **GRANTED IN PART** as to Plaintiff's Privacy Act of 1974 claim, and Constitutional claim. Defendant's Motion for Summary Judgment is **DENIED IN PART** as to Plaintiff's HIPAA claim and Common Law Tort claims.

///

///

# CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion for Summary Judgment.

Further Proceedings is set for _11/25/14_ at _10a. m.-_

**SO ORDERED** this _21_ day of OCTOBER, 2014.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of: RANDALL THOMPSON WILLIAM POLE

Date: 10/21/14 Time: 1620

AA Santos

Deputy Clerk, Superior Court of Guam